UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————————

RAYMOND G.,

                         Plaintiff,

v.                                                      CASE # 21-cv-01172

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

—————————————————————————————

APPEARANCES:                                OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC        KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                    REBECCA M. KUJAWA, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                SCOTT ELLIOTT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on April 7, 1977 and has at least a high school education. (Tr. 346, 351). Generally, plaintiff's alleged disability at the time of application was fractured fibula and tibula, mental conditions, psychiatric issues, back pain, and neck pain. (Tr. 350). His alleged onset date of disability is March 1, 2008. (Tr. 346).

### B.      Procedural History

On August 12, 2019, plaintiff protectively applied for a period of Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 13). Plaintiff's application was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On March 10, 2021, plaintiff appeared via telephone before ALJ David F. Neumann. (Tr. 30). On March 31, 2021, ALJ Neumann issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 13-22). On September 22, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since August 12, 2019, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: asthma, cannabis use disorder, PTSD, and major depressive disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can lift and/or carry 50 pounds occasionally and 25 pounds frequently; no more than occasional changes in the work setting; can perform pushing and pulling motions with the upper and lower extremities within the aforementioned weight restrictions; low levels of pollutants and stable temperatures; use of a cane for ambulation but the contralateral upper extremity could be used to lift and carry up to the exertional limits specified.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on April 7, 1977 and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(Tr. 10-22).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Argument

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First plaintiff argues the ALJ failed to incorporate Dr. Ippolito's opinion that plaintiff had moderation limitations in the ability to regulate emotions, control behavior and maintain well-being. Next plaintiff argues the ALJ's RFC determination was not supported by substantial evidence because he did not properly credit the opinion of Ms. Donogher. (Dkt. No. 8 [Pl's Mem. of Law]).

### B.    Defendant's Arguments

In response, defendant argues the ALJ properly evaluated the record as a whole, including the medical opinion evidence, and the RFC was supported by substantial evidence. (Dkt. No. 10 [Def.'s Mem. of Law]).

III.    **RELEVANT LEGAL STANDARD**

A.    **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

4

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

 Plaintiff's arguments are a disagreement with how the ALJ interpreted the opined limitations from consultative examiner Dr. Ippolito and counselor Ms. Donogher. Plaintiff first argues the RFC is contradicted by the Dr. Ippolito's limitations and that the ALJ rejected portions

without sufficient explanation despite finding it persuasive. (Dkt. No. 8 at 11). Plaintiff's challenges to the ALJ's evaluation of Dr. Ippolito's opinion are rejected.

On December 10, 2019, Dr. Ippolito examined plaintiff and noted that his attention, concentration, recent and remote memory skills were all impaired. (Tr. 763). Dr. Ippolito diagnosed plaintiff with adjustment disorder with mixed anxiety and depressed mood and cannabis use disorder. (Tr. 764). Dr. Ippolito opined that plaintiff had mild limitations with simple instructions, using judgment to make work related decisions, interact adequately with supervisors, coworkers, and the public and sustaining concentration and performing tasks at an adequate pace. (Tr. 763). Dr. Ippolito further opined that the claimant would have moderate limitations regulating emotions, controlling behavior and maintaining well-being. (*Id*.).

Because plaintiff applied for benefits after March 27, 2017, the ALJ applied the new regulations for evaluating medical evidence that differ substantially from prior regulations. For claims filed on or after March 27, 2017, no opinions are entitled to any deference or specific evidentiary weight. *See* 20 C.F.R. § 416.920c(a)("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Instead, an ALJ need only articulate how he or she considered a medical opinion from a medical source by indicating how persuasive he or she considered a medical opinion to be. *Id.* "The most important factors we consider when we evaluate persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency." *See* 20 C.F.R. § 416.920c(a).

Here, the ALJ appropriately discussed the above two factors and found Dr. Ippolito's opinion persuasive while incorporating it into the RFC. (*See* Tr. 16-20). In discussing the severity of plaintiff's mental health impairments, the ALJ found moderate limitations in the ability to adapt

or manage oneself which is consistent with Dr. Ippolito's report. (Tr. 17). The ALJ explained that Dr. Ippolito's opinion was supported by her own findings, including plaintiff's mild memory deficits but adequate social skills. (Tr 19-20, 761-64; *see* 20 C.F.R. § 416.920c(c)(1) (supportability). During the examination, plaintiff was only mildly depressed, had a full range of affect, could count and do simple calculations, and was cooperative with appropriate eye contact. (Tr. 762-63). Turning to the evidence of record, plaintiff's treatment notes reflected similar mental status findings with intact memory with improvement in symptoms with only conservative treatment. (Tr. 19-20, *referring to* Tr. 1206-07, *see* 20 C.F.R. § 416.920c(c)(2) (consistency).

To accommodate the limitations opined by Dr. Ippolito, the RFC included the limitation of only occasional changes in the work setting. (Tr. 17-18). *George W. v. Comm'r of Soc. Sec.*, No. 20-CV-01429, 2022 WL 3320866, at *5 (W.D.N.Y. Aug. 11, 2022) (finding that a limitation to "occasional changes in the work setting" accommodated the claimant's adaptation limitations). Furthermore, the jobs identified by the vocational expert at Step Five were all unskilled jobs, which accommodates moderate limitations regulating emotions, controlling behavior, and maintaining well-being. *Melissa L. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06667-EAW, 2022 WL 593452, at *5–6 (W.D.N.Y. Feb. 28, 2022) (moderate limitations in regulating emotions, controlling behavior, and maintaining well-being and in sustaining concentration and performing a task at a consistent pace were accommodated by a limitation to simple work).

However, the ALJ did not rely on just Dr. Ippolito's opinion but other substantial evidence, such as plaintiff's treatment history. When plaintiff began psychiatric treatment in October 2019, his mood was dysphoric and his affect was restricted, but he otherwise displayed normal cognition. (Tr. 19, *citing to* Tr. 879-80 (Plaintiff also showing no deficits regarding appearance, thought content, and thought processes)). After a period of sporadic attendance, plaintiff reported improved

anxiety and depression on medication in April 2020. (Tr. 19, citing to Tr. 992, 1248). In June 2020, plaintiff denied problems with mood disturbances or anxiety at a follow-up visit for his hypertension. (Tr. 19, *citing to* Tr. 1245). In January 2021, plaintiff endorsed only low levels of depression, and he was cooperative with good eye contact, normal speech, and no cognitive deficits. (Tr. 1206-07). Contrary to case law cited by plaintiff, the ALJ did not overlook the opinion of moderate limitations. (*See* Dkt. No. 8 at 13-14). The ALJ appropriately concluded plaintiff's treatment notes reflected overall improvement, and although plaintiff showed abnormalities in mood and affect, he otherwise often generally had normal findings pertaining to appearance, speech, memory, thoughts, and cognition. (*See* Tr. 18-19).

Plaintiff argues the RFC should have been more restrictive and have a limitation for being off-task but relies on subjective complaints and deficits in mood and affect to support his argument. (Dkt. No. 8 at 14-15). Plaintiff does not identify a specific limitation the ALJ should have included. (Dkt. No. 8 at 12-15). As argued by the defendant, the ALJ expressly recognized plaintiff's subjective complaints and deficits in mood and affect. (*See* Tr. 17, 20). However, as discussed above, the ALJ reasonably considered that plaintiff's many normal findings pertaining to speech, appearance, cognition, and memory, overall improvement on medication, and ability to perform varied daily activities and socialize with friends and family, as well as Dr. Ippolito's opinion, supported a finding that plaintiff could work at unskilled jobs with occasional work setting changes on a regular and continuing basis. (*See* Tr. 17-20.) The ALJ's RFC analysis identified the substantial evidence relied upon and plaintiff has failed to satisfy his burden to prove he had a more restrictive RFC. *See Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)); *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order) (holding that plaintiff "had a duty to prove a more restrictive RFC, and failed to do so").

Next plaintiff argues the ALJ did not sufficiently evaluate the persuasiveness of counselor Ms. Donogher. (Dkt. No. 8 at 15-19, *referring to* Tr. 1190-94). In November 2020, Ms. Donogher completed a checkbox assessment form and indicated that plaintiff's mental work-related functioning largely fell into "Category IV" and Category V," meaning that plaintiff was unable to perform most mental work-related activities for more than 20 percent of the work day (IV) or at all (V). (Tr. 1192-93). Ms. Donogher also opined that plaintiff would be off-task more than 30 percent of the time. (Tr. 1193). The ALJ found Ms. Donogher's opinion to be unpersuasive. (Tr. 20).

Similar to the analysis of Dr. Ippolito's opinion, the ALJ appropriately identified the factors of supportability and consistency when considering the opinion from Ms. Donogher. The ALJ explained that plaintiff's treatment notes with Spectrum Human Services, where Ms. Donogher worked, reflected normal findings but for documenting deficits in mood and affect. (Tr. 20; *see* 20 C.F.R. § 416.920c(c)(1) (supportability)). For consistency, the ALJ noted that Ms. Donogher's extremely limited opinion was inconsistent with plaintiff's improvement on conservative treatment and with Dr. Ippolito's opinion and consultative report, which did not reflect significant cognitive limitations, but rather adequate social skills. (Tr. 20, *citing to* Tr. 761-64; *see* 20 C.F.R. § 416.920c(c)(1) (consistency)).

Plaintiff additionally argues it was error for the ALJ to consider his conservative treatment when analyzing the persuasiveness of a medical opinion. (Dkt. No. 8 at 19). Regulations do allow for an ALJ to consider the type of treatment when considering medical opinions where there is other substantial evidence of record. *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). Here, the ALJ discussed not only the treatment but also the opinion of Dr. Ippolito and the consultative examination. (Tr. 20). Therefore, it was not improper for the ALJ to consider plaintiff's

improvement with conservative treatment as one of multiple reasons for finding Ms. Donogher's opinion to be unpersuasive. Furthermore, the ALJ did not pit one opinion against the other as alleged by plaintiff. (Dkt. No. 8 at 19). Rather, the ALJ compared opinions for the purpose of consistency as required by the regulations. 20 C.F.R. § 416.920c(c)(2).

In sum, ALJ Neumann properly considered the opinion evidence in making a residual functional capacity finding that was consistent with the record as a whole.  While plaintiff has cited records which he feels supports his limitations, the Second Circuit has held that the RFC finding "need only afford an adequate basis for meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (internal quotation marks and brackets omitted) (*citing Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).


**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is
> **DENIED;** and it is further
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is
> **GRANTED.**


Dated: August 21, 2023                              *J. Gregory Wehrman*
Rochester, New York                                 HON. J. Gregory Wehrman
                                                    United States Magistrate Judge